HERBERT C. HALLAS ET AL. *v.*
TOWN OF WINDSOR ET AL.
(14007)

PETERS, C. J., SHEA, CALLAHAN, HULL and BORDEN, Js.

Argued January 16—decision released March 12, 1991

*Jon L. Schoenhorn,* with whom were *Mary Katz Moule* and *Herbert C. Hallas,* for the appellants (plaintiffs).

*Francis H. Morrison III,* with whom were *Susan J. Barnes* and, on the brief, *Judith A. Blank, David J. Elliott, Ralph G. Elliot* and *Sylvia M. Ho,* for the appellees (defendants).

PETERS, C. J. The sole issue on this appeal is whether a judgment declaring moot the counts of a complaint seeking injunctive relief also rendered moot another count seeking damages. In a prior decision of this court; *Hallas* v. *Windsor,* 212 Conn. 338, 562 A.2d 499 (1989) (*Hallas I*); we considered the viability of two counts of the amended complaint of the plaintiffs, Herbert Hallas and Mary Katz Moule, which sought to enjoin disbursement of certain town appropriations for road construc-

tion[1] in the absence of a vote of the Windsor town meeting approving the appropriations. Id., 339–40. We concluded that these claims, on which the trial court, *Allen, J.*, had rendered judgment in favor of the defendants, had become moot because of an intervening town meeting that purported to ratify the appropriations in question. Id., 347–48. As a result of this ratification, we held that the trial court should not have rendered a declaratory judgment in favor of the defendants because "the trial court was without jurisdiction to hear or decide that matter." Id., 350 n.7.

On remand to the trial court, the plaintiffs attempted to pursue the third count of their complaint, in which they had alleged that they were entitled to damages because the defendants' conduct constituted a violation of their constitutional rights; 42 U.S.C. § 1983; an infringement of their state constitutional rights; Conn. Const., art. 1, § 1; and a fraud on their rights as taxpayers. The trial court, *Ripley, J.*, ruled, however, that our decision in *Hallas I* had deprived the trial court of any further jurisdiction whatsoever to hear the plaintiffs' complaint.

The plaintiffs appealed the dismissal of the third count of their complaint to the Appellate Court. That court granted the defendants' motion to dismiss the plaintiffs' appeal. The plaintiffs then filed a petition for certification, which we granted; *Hallas* v. *Windsor,* 216 Conn. 805, 579 A.2d 93 (1990); limited to the following issue: "Did the Appellate Court properly dismiss the plaintiffs' appeal from the dismissal by the trial court of the third count of the complaint, claiming damages for violation of state and federal constitutional and statutory rights, on the ground of mootness?" We conclude that the plaintiffs' appeal should not have been dismissed.

---

[1] The defendants are the town of Windsor, its town manager, its director of finance and its former director of finance.

The plaintiffs argue that although the court in *Hallas I* concluded that their counts seeking injunctive relief had been rendered moot, their damages count nonetheless survived. The defendants counter that the ratifying vote of the town meeting in that case cured any alleged illegal conduct ab initio and nunc pro tunc. Consequently, because the ratification formed the basis of our finding of mootness in *Hallas I*, the defendants argue that all of the plaintiffs' claims based on the ratified conduct—the damages count as well as the two counts seeking injunctive relief—were rendered moot. We agree with the plaintiffs that their damages count is not moot.

As a general matter, while cessation of allegedly unconstitutional or illegal activity may render moot a claim for injunctive relief, such cessation will not render moot a case that also states a claim for damages resulting from such activity prior to its cessation. See, e.g., *Memphis Light, Gas & Water Division* v. *Craft*, 436 U.S. 1, 7–9, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978); *Gibson* v. *DuPree*, 664 F.2d 175, 177 (8th Cir. 1981); *Klein* v. *Califano*, 586 F.2d 250, 255 n.7 (3d Cir. 1978); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction (2d Ed.) § 3533.3. We recently recognized this distinction in *Moshier* v. *Goodnow*, 217 Conn. 303, 586 A.2d 557 (1991). In that case, the plaintiff taxpayer sought to have a town's board of selectmen and tax collector enjoined from collecting taxes because he believed that the tax levy had been improperly established. An injunction issued and the defendants appealed. Subsequent to the filing of the appeal to this court, however, the electors approved a new budget, establishing a mill rate identical to that established in the contested rate bill. We held that this action required dissolution of the injunction but that it did not render the entire case moot. We noted that, having failed to pay the local taxes under the contested

rate bill, the plaintiff's liability for interest on that non-payment was dependent upon the date on which the effective mill rate had been legally set. We concluded that a sufficient controversy existed over the plaintiff's liability for interest charges to prevent the case from being dismissed on grounds of mootness.

Our decision in *Hallas I* must be construed in accordance with this general proposition. We then considered the viability of only two counts in the plaintiffs' complaint, those seeking injunctive relief. Because claims for injunctive relief are necessarily prospective, this court decided that the town meeting's ratification had effectively rendered those claims moot. We concluded only that any controversy that may have once existed between the parties regarding the lack of a town meeting vote "ceased to exist *after* the . . . special town meeting where the people present voted to approve" the contested appropriations. (Emphasis added.) *Hallas I*, supra, 348. Having found mootness, we lacked the jurisdiction to consider the merits of the two counts seeking injunctive relief. We therefore expressed no opinion on the effect of the ratification on conduct that had occurred *prior* to the ratifying vote, or on whether ratification was necessary at all.

While the answers to the aforementioned questions might indeed dispose of the plaintiffs' third count, those questions are not properly before us today. Accordingly, we do not decide the merits of the plaintiffs' third count, i.e., whether the defendants' conduct was improper or whether the plaintiffs suffered any compensable damages under applicable state and federal law. We hold only that the finding of mootness in *Hallas I* related solely to the plaintiffs' two counts claiming injunctive relief and not to their third count claiming damages. The Appellate Court, therefore, should not have dismissed the plaintiffs' appeal from the trial court's dismissal of the third count of their complaint.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court with direction to set aside its judgment of dismissal and for further proceedings.

In this opinion the other justices concurred.