[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiffs Middlebury Partnership and General Datacom, Inc., to contest the assessment for sewer use charges against them set by the defendant Middlebury Water Pollution Control Authority ["MWPCA"]. The schedule of challenged charges was enacted by the defendant on May 16, 1991, after a notice of the proposed change was published on April 25, 1991, and a public hearing was held on May 9, 1991. The effective date of the new schedule of charges was July 1, 1991. The newly adopted schedule created a higher sewer use charge for the plaintiffs than the old schedule. The plaintiffs did not appeal the new assessment within the twenty-one day period set by Conn. Gen. Stat. Sec. 7-255, but rather paid for sewer use according to the newly adopted rate for at least the next year.
On December 14, 1992, the plaintiffs commenced this action to challenge the assessment, claiming that the new rate structure was adopted in a manner contrary to the MWPCA'S own regulations in effect at the time of enactment and thus the assessment against the plaintiffs was and is void. The defendant claims that this issue is without merit, that this court lacks jurisdiction to entertain it, and that either or both of these issues were more properly the subject of an appeal which the plaintiffs declined to initiate in a timely manner and are now barred from pursuing. The defendant filed a motion to dismiss, but because certain facts necessary to a proper determination were lacking from the record at that time, the court denied the motion. The defendant has now moved for summary judgment, and both the plaintiffs and the defendant have filed exhibits which demonstrate that there are no material facts in dispute which would make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262
CT Page 8909-A (1978).
Essentially, the defendant claims that the plaintiffs are attempting to contest by way of this lawsuit that which can only be raised by way of appeal under Conn. Gen. Stat. Sec. 7-255, and that their failure to appeal within twenty-one days is fatal here. The plaintiffs claim that the adoption of a twenty-one tier rate structure when the MWPCA's own regulations only allowed for enactment of a three tier rate structure means that the MWPCA was without power to adopt the new rates; thus because the assessment was enacted without proper authority, it was void and may be challenged at any time in an action such as this which requests a declaratory judgment and requests a refund of the difference between the old and the new rates.
The plaintiffs cite Moscowitz v. Planning and Zoning Commission,16 Conn. App. 303 (1988), for the proposition that the new rate structure was void ab initio, since the Water Pollution Control Authority's regulations only allowed a three tier rate structure, not a twenty-one tier rate structure, at the time the assessment against the plaintiff went into effect. Moscowitz does not stand for that proposition, however. In Moscowitz, the planning and zoning commission acted outside the authority that had been granted to it by the General Assembly, not merely in violation of its own regulations, and thus its action was void from the start and could be later challenged. Here the twenty-one tier rate structure was enacted by the same administrative body in the same way as Article XI of the MWPCA regulations, and as an enactment later in time, the latter governs. "It is a well established principle of statutory construction that later enactments . . . are presumed to repeal earlier inconsistent ones to the extent that they are in conflict. Beccia v. Waterbury, 185 Conn. 445, 458-59,441 A.2d 131 (1981). Even were the principle of a later legislative enactment superseding another not the case here, the MWPCA ratified the new rate structure four days later by amending Article XI to allow for the additional classifications and charges, all well within the grant of legislative authority. If the new rate structure was ever invalid, it was arguably so only for the four intervening days, and any bills due for water delivered during those four days might be subject to challenge. See, Hallas v. Windsor, 217 Conn. 689 (1991).[1]
The plaintiffs' ability now to attack the rate structure is dependent upon the argument that the rates were void when enacted and continue to be so. The cases cited by the plaintiffs involve CT Page 8909-B actions taken by municipal agencies whose grants of authority come from the state legislature and whose actions exceeded the scope of that authority, Moscowitz, supra; DiCamillo v. Clomiro,174 Conn. 351 (1978) (failure of zoning board to publish notice of public hearing not less than ten days before hearing per General Statutes rendered board action invalid); or municipal agencies who failed to give adequate notice before taking a certain action, Smith v. F. W. Woolworth Co., 142 Conn. 88 (1955); Hutchinson v. Board of Zoning Appeals, 138 Conn. 247 (1951).[2]
Here the defendant gave adequate notice of the proposed changes, held the required public hearing, took the disputed action well in advance of the effective date of the change, filed the changes as required with the Town Clerk, published notice of the precise changes, and amended its regulations to bring consistency between the new rate structure and the agency's regulations, thus ratifying its prior actions, all well within the grant of authority from the state legislature. The plaintiffs' only remedy was to appeal within the time and in the manner provided by 7-255.
There are no material issues of fact in dispute. This court has no jurisdiction to entertain an attack on the action of a municipal agency by an aggrieved party who had available to it a remedy by way of appeal but chose, for whatever reason, not to appeal. See, Vaill v. Sewer Commission, 168 Conn. 514 (1975). The defendant's Motion for Summary Judgment is granted.
Pittman, Judge