ANDREW DAWSON ET AL. *v.* DAVID FARR ET AL.
(14728)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued September 23—decision released October 19, 1993

*David J. Elliott,* with whom were *Richard C. Mahoney* and, on the brief, *Alan T. Levesque,* for the appellants (defendants).

*David Tilles,* for the appellees (plaintiffs).

PER CURIAM. The dispositive issue in this appeal is whether a disagreement about the geographic eligibility of a player for an American Legion baseball team is rendered moot by the player's subsequent ineligibility on the ground of age. The plaintiffs, Andrew Dawson and the Simsbury American Legion Post No. 84 baseball team, brought an action to enjoin the defendants, David Farr, The American Legion and The American Legion Department of Connecticut, Inc., from interfering with the named plaintiff's playing for the plaintiff team during the 1992 summer season. After a hearing, the trial court, *O'Neill, J.,* granted the plaintiffs' motion for a temporary injunction. Thereafter, the defendants not only filed an answer contesting the plaintiffs' further entitlement to permanent injunctive relief, but also filed a counterclaim seeking a declaratory judgment sustaining their interpretation of the eligibility rules governing American Legion baseball teams and their authority to declare the forfeiture of the team's 1992 games.

At the end of the 1992 summer season, when, because of his age, Dawson had become permanently ineligible to play for the team, the plaintiffs filed a motion to dismiss the defendants' counterclaim. The plaintiffs claimed that the trial court lacked subject matter juris-

diction to consider the defendants' counterclaim because it had become moot and because the defendants had not complied with the notice requirements of Practice Book § 390 (d) governing claims for declaratory relief.[1] The trial court, *Jackaway, J.,* granted the plaintiffs' motion to dismiss the counterclaim. The defendants appealed from the judgment of dismissal to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse.

In their arguments on mootness to the trial court, and in their briefs to this court, the parties focused on the principle that, while cases that have become moot are ordinarily nonjusticiable, such cases may nonetheless warrant judicial resolution if, by the nature of their factual underpinnings, they are capable of repetition yet evade review. That analysis is predicated on the assumption that the case would otherwise be moot, i.e., that intervening events have made it impossible to grant any judicial relief to the present parties on any of their present claims.

As the parties agreed at oral argument before this court, however, the defendants' counterclaim is not moot. Although the rights and obligations of the individual plaintiff are no longer justiciable, the rights and obligations of the plaintiff team continue to be at issue. Dawson can no longer be enjoined from playing, but the team remains at risk because of the defendants' claimed right to declare the forfeiture of the games the team played during the 1992 season. Arguably, the risk of forfeiture is only a collateral consequence of Dawson's alleged ineligibility to play for the team. The continued existence of unresolved collateral disputes

---

[1] Practice Book § 390 provides in relevant part: "The court will not render declaratory judgments upon the complaint of any person . . .

"(d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof."

suffices, however, to prevent a controversy from becoming moot. See, e.g., *Connecticut State Medical Society* v. *Commission on Hospitals & Health Care,* 223 Conn. 450, 455–56, 612 A.2d 1217 (1992); *Hallas* v. *Windsor,* 217 Conn. 689, 692, 587 A.2d 149 (1991); *Moshier* v. *Goodnow,* 217 Conn. 303, 306–308, 586 A.2d 557 (1991). Mootness was therefore not an appropriate ground for dismissal of the defendants' counterclaim.

The trial court also premised its dismissal of the defendants' counterclaim on their alleged failure to comply with the notice provisions of Practice Book § 390 (d) that govern complaints seeking a declaratory judgment. Even if the far-reaching consequences of the defendants' counterclaim would require notice to be given to interested persons in addition to the immediate parties to this litigation,[2] the court should have considered the possibility of an appropriate order of notice instead of a dismissal of the defendants' counterclaim. As we recently clarified in *Serrani* v. *Board of Ethics,* 225 Conn. 305, 309–10, 622 A.2d 1009 (1993), "[a] jurisdictional defect relating to notice can be remedied in any of the ways noted in *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* [215 Conn. 224, 230, 575 A.2d 693 (1990)]. Notably, the [party seeking declaratory relief] may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with § 390 (d), the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id."

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

---

[2] We express no opinion on the adequacy of the defendants' notice but invite the trial court to reconsider the issue in light of *Serrani* v. *Board of Ethics,* 225 Conn. 305, 622 A.2d 1009 (1993), and the cases therein cited.