[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO STRIKE (#101)MOTION TO DISMISS (#102)
Plaintiff, Pacific Employers Insurance Co. (Pacific), filed a one-count complaint on November 16, 1993, against the defendants, Patrick Hibbits, president of the Inn at Falls Village, Inc. (Inn), Janice France, vice president of the Inn, and David Edelman, a Connecticut State Trooper. Plaintiff alleges the following facts. On July 1, 1988, plaintiff issued a general liability insurance policy to the Inn, Hibbits, and France. On November 1, 1988, Hibbits became intoxicated at the Inn and assaulted France. Edelman and another police officer responded to France's call for assistance. Hibbits resisted arrest and, during the struggle, assaulted Edelman. Edelman brought suit ("the original action") against the Inn, Hibbits, and France. Edelman v. TheInn at Falls Village, Inc., Superior Court, Judicial District of Litchfield, Docket No. 054214. In that action, Edelman CT Page 5232 alleged that his injuries were caused by the negligence and/or recklessness of the defendants in serving alcohol to Hibbits, a "known alcoholic." The parties settled that suit and stipulated to a judgment. Plaintiff now seeks a declaratory judgment that the insurance policy does not cover the claims asserted by Edelman.
Edelman brought another action in the judicial district of Litchfield ("the Litchfield action") against the plaintiff, alleging breach of the insurance contract under General Statutes § 38a-321[1], violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-315 et seq. Edelman v. PacificEmployers Insurance Co., Superior Court, Judicial District of Litchfield, Docket No. 064106. On January 3, 1994, the court, (Pickett, J.) granted the plaintiff's motion to transfer the Litchfield action to the Judicial District of Hartford/New Britain at Hartford. The plaintiff has a pending motion to consolidate the Litchfield case with the present action.
On January 21, 1994, the plaintiff filed a motion to join the State of Connecticut ("State") as a defendant. That motion is also pending.
On January 24, 1994, Edelman moved both to dismiss and to strike the plaintiff's complaint. Pursuant to Practice Book §§ 143 and 155, Edelman submitted memoranda in support of his motions. Plaintiff has timely filed memoranda in opposition to the said motions.
 I.
"A declaratory judgment action is a special proceeding under General Statutes § 52-29 that is implemented by §§ 389 and 390 of the Practice Book." Rhodes v. Hartford, 201 Conn. 89,92, 513 A.2d 124 (1986). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties."Connecticut Association of Health Care Facilities, Inc. v.Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986).
II.
CT Page 5233
Defendant Edelman moves to dismiss plaintiff's declaratory judgment action on the ground that the State of Connecticut, which has an interest in the case, has not been joined as a defendant. Plaintiff argues that the failure to name the State as a defendant does not require a dismissal since the situation could be easily remedied by granting its pending motion to join the State.
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). When the lack of jurisdiction is brought to the court's attention, "cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano and Organ Co. v.Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982).
Practice Book § 390 states: "`The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" See: Cristofaro v. Burlington, 217 Conn. 103,109-10, 584 A.2d 1168 (1991), (quoting Practice Book § 390).
"A motion to dismiss is the proper vehicle by which to raise the failure to give notice to all interested parties pursuant to Practice Book § 390(d)." Loureiro v. Loureiro, Superior Court, Judicial District of Litchfield, Docket No. 058735 (April 30, 1992, Dranginis, J.), citing Pinnix v.LaMorte, 182 Conn. 342, 343-44, 438 A.2d 102 (1980). "Such a failure constitutes a jurisdictional defect and a denial of due process." Loureiro v. Loureiro, supra, citing Kolenbergv. Board of Education, 206 Conn. 113, 124, 536 A.2d 577
(1988). Nevertheless,
 "`[a] jurisdictional defect relating to notice can be remedied in any of the ways noted in Connecticut Ins. Guaranty Assn. v. Raymark Corporation, [215 Conn. 224, 230, 575 A.2d 693 (1990)]. Notably, the [party seeking declaratory relief] may ask for an order of notice in order to comply with the procedural requirements CT Page 5234 of the Practice Book with respect to individuals whose identity might be difficult to ascertain. Once there has been compliance with § 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate.'"
Dawson v. Farr, 227 Conn. 780, 783, 632 A.2d 41 (1993), quoting Serrani v. Board of Ethics, 225 Conn. 305, 309-10,622 A.2d 1009 (1993).
In the present case, the parties stipulated to a judgment in the original action brought by Edelman. The State of Connecticut was a party to that action and is a judgment creditor as a result of the stipulated judgment. The State of Connecticut is not a party to the present action, it has a legitimate interest in the subject of this declaratory judgment action, and it has not received notice of this action. Therefore, plaintiff has not complied with the notice requirements of Practice Book § 390(d). However, the jurisdictional defect may be cured by either granting an order of notice, or, by the granting of plaintiff's pending motion to join the State as a defendant. See: Serrani v. Board ofEthics, supra, 309 n. 5.
Accordingly, the motion to dismiss is hereby denied; plaintiff's objection to the motion to dismiss is herebysustained.
 III.
Defendant (Edelman) moves to strike plaintiff's complaint on the ground that there is another available form of redress. Plaintiff argues that a declaratory judgment is the proper procedure to determine the issue of coverage under an insurance policy, and, that defendant Edelman's breach of contract action does not preclude the present action.
The determination of "whether a court should grant declaratory relief is properly decided by a motion to strike." (Citations omitted.) Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 293, 596 A.2d 414 (1991). "In deciding such a motion, the court must look only to the well pleaded facts of the complaint, which are assumed true." United StatesCT Page 5235Fidelity and Guaranty Insurance Co. v. Cecilio, 8 CSCR 766
(June 29, 1993, Lager, J.). "`[A] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed.'" Aetna Casualty Surety Co. v. Jones, supra, 293-94, quoting England v. Coventry, 183 Conn. 362,365, 439 A.2d 372 (1981). Furthermore, "[t]o deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. Conservation Commission,178 Conn. 173, 179, 422 A.2d 290 (1979).
Practice Book § 390 states that "[t]he court will not render declaratory judgments . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Practice Book § 390(c). This section is "a rule of discretion, not jurisdiction, and the burden is on the defendant to show that the court cannot, in the exercise of its discretion, permit his declaratory judgment action to proceed." (Citation omitted.) UnitedStates Fidelity and Guaranty Insurance Co. v. Cecilio, supra, 767.
In United States Fidelity and Guaranty Insurance Co. v.Cecilio, supra, the court denied a motion to strike on the ground that an action under General Statutes § 38a-321 did not provide the plaintiff with as effective, convenient, or complete a remedy as the declaratory judgment action. The plaintiff in the declaratory judgment action had alleged that the insurance policy covered negligent acts, but not intentional acts. The court, in denying the motion to strike, reasoned that if a general verdict was entered in the underlying action, which involved claims for both negligent and intentional acts, "it could be based on both claims and the nature of the verdict would likely provide the court with no way to separate these claims in an action brought pursuant to § 38a-321."
Unlike the United States Fidelity case, plaintiff here has alleged that Edelman, in the original action, claimed liability on the basis of negligent, reckless and intentional conduct on the part of the defendant[s]. Plaintiff has also alleged that the insurance contract does not cover any of CT Page 5236 Edelman's claims. Thus, since plaintiff maintains that the coverage excludes all of the intentional, reckless, and negligent acts (of the type originally alleged against their insureds), the problem of separating out the claims, as raised in United States Fidelity, is not present.[2] In the Litchfield action, which was brought under General Statutes Section 38a-321, the issue of coverage, as well as the duty to defend, necessarily must be decided and, in the court's view, this present action and the contemporaneous Section 38a-321 breach of contract action are substantially, if not entirely, duplicative.[3] Additionally, the Litchfield action (Section38a-321) affords a direct, speedy, and adequate remedy, which is as appropriate and inclusive as the present declaratory judgment action. Therefore, since another direct and effective procedure is readily available (and pending) to determine the issue of coverage, the motion to strike this complaint seeking declarative relief, in the court's view, has merit. Accordingly, the motion to strike is hereby granted; plaintiff's objection to the motion to strike is herebyoverruled.
Mulcahy, J.