[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS NO. 111
The plaintiff filed this action on December 5, 1995. The plaintiff is the owner of several units in the condominium complex known as Willow Springs. The defendant is the board of directors and governing body of Willow Springs. The plaintiff filed a seven-count complaint asking for declaratory judgment, injunctive relief, damages, costs and attorney's fees. On May 1, 1996, the plaintiff filed a revised complaint. On June 4, 1996, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. On June 18, 1996, the plaintiff filed a motion for order of notice to other interested parties and a memorandum of law in opposition to the motion to dismiss.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985), citing Practice Book § 143. Since the issue of subject matter jurisdiction has been raised, it must be acted upon by the court. Federal Deposit Ins. Corp. v.
CT Page 10092Peabody, N.E., Inc., 239 Conn. 93, 99 (1996).
The plaintiff alleges that the defendant "refused to act in the best interests of the unit owners . . . failed to meet its obligations as governing body . . . continues to intimidate, harass and hold the Plaintiff out in a false light . . . defamed and slandered the Plaintiff's business reputation in the community . . . incorrectly characterized an assessment against unit owners as a budget vote . . . wrongly ordered that a number of exterior decks of numerous condominium units be made inaccessible to occupants while failing to repair or replace said exterior decks and that the Defendant without warning, permit or proper authority, destroyed a deck repaired by the Plaintiff . . ."
The defendant argues that the plaintiff failed to provide sufficient notice under Practice Book § 390(d) and that "[t]he failure to satisfy the requirements of Practice Book Section 390(d) is fatal to the complaint." The plaintiff responds that "[l]ack of subject matter jurisdiction in an action for declaratory judgment does not require a dismissal." The plaintiff contends that "[i]t has been held by the [Connecticut] Supreme Court that unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement of Practice Book Section 390(d) . . . . A Plaintiff may pursue further procedural efforts to cure jurisdictional defect regarding the notice requirement." (Citation omitted.) Id.
The lack of notice to other interested parties does not require dismissal of the complaint. While the court may lack subject matter jurisdiction at this time due to the lack of notice,[1] "[a] jurisdictional defect relating to notice can be remedied in any of the ways noted in Connecticut Ins. GuarantyAssn. v. Raymark Corp. . . . . Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with § 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate." (Footnotes omitted.) Serrani v. Board ofEthics, 225 Conn. 305, 309-10 (1993).
"Our decision . . . that a trial court may entertain CT Page 10093 procedural efforts to cure a jurisdictional defect with regard to the giving of notice under Practice Book § 390 finds support in the language of the Practice Book provision. Section 390 explicitly states that the `court will not render declaratoryjudgments upon the complaint of any person . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.' (Emphasis added.) Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction, therefore, the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." (Citation omitted.) Serrani v. Board of Ethics, 225 Conn. 305, 309 n. 5 (1993). See also Massameno v. Statewide Grievance Committee,234 Conn. 539, 547 n. 11 (1995); Mannweiler v. LaFlamme, 232 Conn. 27,35 (1995); Dawson v. Farr, 227 Conn. 780, 783 (1993).
Practice Book § 390(d) has been revised to read in part as follows: "The court will not render declaratory judgments upon the complaint of any person . . . until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book Revisions § 390(d), effective October 1, 1996, Conn. L. J. 23C (July 23, 1996).[2] The word `until' replaced `unless' to "reflect the ruling in Dawson v. Farr, 227 Conn. 780 (1993) that failure to provide notice does not defeat jurisdiction but is reason to stay the case until compliance is achieved." Proposed Practice Book Revisions, Commentary, Conn. L. J. 25E (May 7, 1996).
The requirement of proper notice to all interested parties "applies with equal force to the plaintiffs' claim for injunctive relief, at least in a case such as this where it is accompanied by a claim for a declaratory judgment." Mannweiler v. LaFlamme,232 Conn. 27, 35 (1995). "Because to decide one claim is to decide the other, reaching the merits of the claim for injunctive relief — which in this case is essentially just the procedural method for enforcement of the declaratory judgment — through an artificial severance of the claim for declaratory relief would lead to the same multiplicity of litigation that would arise were we to address the declaratory judgment on its merits . . . . The trial court's lack of subject matter jurisdiction here, however, does not require a dismissal on remand." Id., 36. "On remand, the plaintiffs may pursue further procedural efforts to cure the jurisdictional defect regarding the notice requirement." Id.[3]
CT Page 10094
Because the failure to comply with Practice Book § 390 (d) does not require dismissal of the complaint, the motion to dismiss is denied without prejudice if the plaintiff does not comply with the provisions of Practice Book § 390(d) within a reasonable time.
Stodolink, J.