[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 105)
This motion for summary judgment in a declaratory judgment action raises questions involving the construction of an insurance policy. Under the circumstances presented here, however, these substantive questions cannot be reached because the notice requirement of Practice Book § 390(d) has not been satisfied.
The plaintiff, State Farm Fire Casualty Co. ("State Farm"), brought this action in May 1996. Its amended complaint seeks declaratory relief against five defendants: Curtis Bullock, Michael Bullock, Hermenio DaCruz, Maria DaCruz, and David DaCruz. The substance of the action, stated briefly, is that in 1995, Hermenio, Maria, and David DaCruz brought a separate action in the Ansonia-Milford Judicial District Superior Court against, inter alia, Curtis and Michael Bullock. DaCruz v. Amity RegionalSchool District, No. 52333 (Ansonia-Milford J.D.) (the "DaCruz
action"). State Farm seeks a declaratory judgment that it is not obliged to either defend or indemnify Curtis and Michael Bullock in the DaCruz action.
Hermenio, Maria, and David DaCruz have appeared by counsel and are vigorously contesting this action. Curtis Bullock filed a pro se appearance in June 1996 but has subsequently failed to appear in court to contest this action in any way. Michael Bullock was defaulted for failure to appear in this action on August 2, 1996.
State Farm filed a motion for summary judgment on November 4, 1996. Hermenio, Maria, and David DaCruz actively oppose this motion. Neither Curtis nor Michael Bullock appeared at the December 16, 1996, hearing on the motion.
Before the merits of the motion may be considered, the notice requirement of Practice Book § 390(d) must be satisfied. Practice Book § 390 provides that, "[t]he court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
State Farm has submitted the writ, summons, and complaint in CT Page 7142 the DaCruz action as part of the documentation supporting its motion for summary judgment. Those papers plainly show that there are numerous defendants (the "non-Bullock defendants") in theDaCruz action other than Curtis and Michael Bullock. At least as far as the file indicates, none of the non-Bullock defendants have been notified of either this action or State Farm's motion in any way.
The non-Bullock defendants in the DaCruz action, however, have an interest in the subject matter of the amended complaint. State Farm is seeking a declaratory judgment that it is not obliged to indemnify Curtis and Michael Bullock in the DaCruz
action. If it is successful in obtaining such a declaration, the resources that Curtis and Michael Bullock will have to pay any judgment in the DaCruz action will obviously be reduced. That outcome would at least potentially increase the exposure of the non-Bullock defendants in the DaCruz action. Because of this potentially increased exposure, the non-Bullock defendants have an interest in the outcome of this case and must be notified prior to any decision on the merits.
Before its motion for summary judgment can be considered on the merits, State Farm must consequently move for an appropriate order of notice. Dawson v. Farr, 227 Conn. 781, 783, 632 A.2d 41
(1993).
The motion for summary judgment is denied without prejudice.
Jon C. Blue Judge of the Superior Court