[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Sixteen plaintiffs, owners of improved property in Greenwich, Connecticut, have brought an action against the defendants, the Town of Greenwich (Greenwich), Mark B. Branchesi (Assessor), and James Branca (Tax Collector), pursuant to General Statutes §12-119. The complaint was amended to include a statement characterizing the harm to the plaintiffs and others similarly situated as a "disproportionate tax burden." The complaint seeks, inter alia, a tax refund, permanent and temporary injunctions, and a declaratory judgment that the assessment increases were illegal.
The last general real property value assessment in the Town of Greenwich, as required every ten years by General Statutes § 12-62, was performed on October 1, 1993. (Answer, ¶ 12). On or about March 5, 1996, the defendants notified the plaintiffs and other Greenwich property owners that the assessed value of their property for the tax list of October 1, 1995 had increased. (Answer, ¶ 13). The defendants explained the increase as an "equity review" which changed the rates applied to the improvements on the property and/or changed the neighborhood rating of the property and/or the application or increase in the influence factors to the property. (Answer, ¶ 19)
On July 25, 1996, the plaintiffs' filed a motion to certify their claim as a class action, which was granted. The defendants then filed a motion to dismiss and also moved to reargue the plaintiffs' motion for certification as a class action, which was granted.
[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is CT Page 1210 presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Citations omitted.)Cannata v. Dept. of Environmental Protection, 239 Conn. 124, 134
n. 17 (1996).
The defendants assert four arguments in favor of their motion to dismiss: "(I) No notice of this declaratory judgment has been given as required by Practice Book § 390," "(II) The plaintiffs are not representative of all parties in this purported class action and have not given notice to particular adverse parties," "(III) There are other lawsuits pending on the issue of an increase in assessment which should not be clouded by this case," and "(IV) The individual nature of property assessments makes this case unmaintainable as a class action under Practice Book § 88." (Emphasis removed.) (Defendants' Brief in Support of Motion to Dismiss Class Action #105). The plaintiffs rebut the defendants' assertions by pointing out that all but the first of these arguments contest the class certification of this action. Such arguments are inconsistent with a motion to dismiss because they do not attack the jurisdiction of the court.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
The defendants' first argument is based on the lack of notice from the plaintiffs to the other property owners, as required for a declaratory judgment under Practice Book § 390. Practice Book § 390 states in pertinent part that "[t]he court will not render declaratory judgments upon the complaint of any person . . . (d) until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." (Emphasis added.) Practice Book § 390. The word `until' replaced the original word `unless' to reflect the holding of Dawson v. Farr, 227 Conn. 780, 783,632 A.2d 41 (1993).[1] This change denotes the lack of severity of a jurisdictional defect based upon lack of notice. Therefore, CT Page 1211 despite the inappropriateness of a declaratory judgment in a General Statutes § 12-119 action, see Lerner Shops ofConnecticut, Inc. v. Waterbury, supra, 151 Conn. 79 (1963) the lack of notice in the present case does not warrant a granting of the defendants' motion to dismiss.
The remaining three arguments asserted by the defendants in favor of the motion to dismiss go to the issue of class certification. These arguments are not properly raised in support of a motion to dismiss, and therefore, the defendants' motion to dismiss is denied.
D'ANDREA, J.