[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
FACTS
On April 24, 1997, the plaintiff, Winchester Board of Education, filed its first amended complaint for declaratory judgment against the defendant, The W.L. Gilbert School Corporation, asking the court to determine that state law, including Connecticut General Statutes § 10-34, does not give the defendant the authority to unilaterally establish a line item in the plaintiff's budget, i.e., the amount of monies paid by the plaintiff to the defendant.
The complaint alleges the following facts. The plaintiff does not maintain its own high school. Since 1947, the plaintiff has discharged its obligation to provide educational services to high school age students residing within the Town of Winchester by designating The Gilbert School as the high school that Winchester students may attend pursuant to General Statutes § 10-33. The plaintiff and the defendant have entered into written contracts in which the plaintiff agreed to pay a portion of The Gilbert School's operating costs and The Gilbert School agreed to provide educational services for Winchester students.
It is further alleged that the monies paid by the plaintiff to the defendant for the operating costs of The Gilbert School constitute a line item in the plaintiff's budget. The plaintiff's budget is submitted to and is subject to review by the Town of Winchester via its legislative body and is subject to further review by the Town's electors via the referendum process. Pursuant CT Page 6412 to the Town budget process, the Town and its electors have the authority to reduce the educational budget that is submitted to the Town by the plaintiff. Despite this process, the plaintiff alleges that the defendant asserts that it has the unilateral right to establish the Gilbert School line item of the plaintiff's and the Town's educational budget and that this line item is not subject to the approval of or review by the plaintiff, the Town's legislative body or the Town's electors.
Additionally, it is alleged that the last contract between the plaintiff and the defendant regarding the attendance of Winchester students at The Gilbert School expired on June 30, 1996. The plaintiff and defendant have been attempting through negotiation to reach a new contract. To date, these negotiations have been unsuccessful. Since the commencement of the 1996-1997 school year, the students have been attending The Gilbert School in the absence of a contract.
The plaintiff additionally alleges that in the absence of a contract the defendant maintains that it has the unilateral right to establish the amount of monies the plaintiff must pay to the defendant for the operating expenses of The Gilbert School.
On April 25, 1997, the defendant filed this motion to dismiss the plaintiff's first amended complaint. The defendant moves to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction over the plaintiff's claim because there is no bona fide or substantial questions or issues in dispute and because the plaintiff has failed to comply with the notice provisions of Practice Book § 390(d).
Pursuant to Practice Book § 143, the defendant has filed a memorandum of law in support of its motion and the plaintiff has timely filed a memorandum in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurlacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991); Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert denied, 231 Conn. 936, 650 A.2d 173 (1994). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] motion to dismiss is not CT Page 6413 designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of OldSaybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993).
Practice Book § 390 provides, pertinent part, that "[t]he court will not render declaratory judgments upon the complaint of any person: . . . (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or . . . (d) until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
 I
The defendant contends that no controversy exists, pursuant to Practice Book § 390(b), because it does not contest the assertion that it lacks the authority to unilaterally establish a line item in the plaintiff's budget.
"The prerequisite determination of whether there is a substantial controversy or a sufficient uncertainty of legal relations that requires settlement between the parties must be made in the light of the particular circumstances involved in each case.Bania v. New Hartford, 138 Conn. 172, 175, 83 A.2d 165 (1951)."Bomero v. Planning Zoning Commission, 40 Conn. App. 75, 85,669 A.2d 598. "The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257." Id.
"To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement between the parties must be alleged." Id.
This court finds that the facts alleged in the complaint sufficiently set forth the existence of a substantial controversy; in particular, the question of what is the proper process for establishing the amount owed by the plaintiff to the defendant. The defendant, in fact, does not contend that no dispute exists between the parties. It instead argues that the plaintiff has misphrased the actual issue. The issue, according to the defendant, is whether The Gilbert School has the right to establish the tuition it charges to the towns that choose to enroll its students at the Gilbert School. CT Page 6414
General Statutes § 10-34 provides that:
 "The State Board of Education may examine any incorporated or endowed high school or academy in this state and, if it appears that such school or academy meets the requirements of the State Board of Education for the approval of public high schools, said board may approve such school or academy under the provisions of this part, and any town in which a high school is not maintained shall pay the whole of the tuition fees of pupils attending such school or academy, except if it is a school under ecclesiastical control."
The defendant contends that, pursuant to General Statute §10-34, it has the right to establish the tuition rate for students attending its school. The plaintiff, however, argues that by claiming General Statutes § 10-34 gives the defendant the unilateral right to establish tuition, the defendant ignores the other statutes regarding the municipal budget. See General Statutes §§ 7-344, 7-348, 10-222.
General Statutes § 10-222 states, in pertinent part, that:
 "Each local board of education shall prepare an itemized estimate of the cost of maintenance of public schools for the ensuing year and shall submit such estimate to the board of finance in each town or city having a board of finance . . . not later than two months preceding the annual meeting at which appropriations are to be made. The money appropriated by any municipality for the maintenance of public schools shall be expended by and in the discretion of the board of education . . . Expenditures by the board of education shall not exceed the appropriation made by the municipality, with such money as may be received from other sources for school purposes."
General Statutes § 7-344 provides, in relevant part, that:
"Not less than two weeks before the annual CT Page 6415 town meeting, the board [of finance] shall hold a public hearing, at which itemized estimates of the expenditures of the town for the ensuing fiscal year shall be presented and at which all persons shall be heard in regard to any appropriation which they are desirous that the board should recommend or reject. The board shall, after such public hearing, hold a public meeting at which it shall consider the estimates so presented and any other matters brought to its attention and shall thereupon prepare and cause to be published . . . a report in a form prescribed by the Secretary of the Office of Policy and Management containing: . . . (4) an itemized estimate of expenditures of such town for such ensuing fiscal year . . . The board submit such estimate with its recommendations to the annual town meeting next ensuing, and such meeting shall take action upon such estimate and recommendations, and make such specific appropriations as appear advisable, but no appropriations shall be made exceeding in amount that for the same purpose recommended by the board and appropriation shall be made for any purpose not recommended by the board."
General Statutes § 7-348 further provides that "[n]o officer of such town shall expend or enter into any contract by which the town shall become liable for any sum which, with any contract then in force, shall exceed the appropriation for the department, except in cases of necessity connected with the repair of highways, bridges, sidewalks, and water and sewer systems and the care of the town poor, and then not more than one thousand dollars."
The procedural aspect of this motion does not require a discussion of the merits of the parties claims. This court finds that the plaintiff's complaint sufficiently alleges a substantial controversy and, therefore, satisfies the requirements of Practice Book § 390(b).
 II
The defendant further contends that the plaintiff's failure to comply with the notice provisions in Practice Book § 390(d) by CT Page 6416 making all persons having an interest in the subject matter of the complaint parties to the action, namely the Town and the Town's electors, strips the court of subject matter jurisdiction. It argues that because the budget in question is established by the Town of Winchester for the Board of Education, the Town has a strong interest in this action. Additionally, since the budget is subject to review by the Town's electors, those electors also have an interest in the action.
The failure to provide notice under Practice Book § 390(d) does not defeat jurisdiction but is reason to stay the case until compliance is achieved. Dawson v. Farr, 227 Conn. 780, 783 (1993). A jurisdictional defect relating to notice can be remedied by the party seeking declaratory relief to "ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain." Id. Therefore, pursuant to Practice Book § 390(d), this court maintains subject matter jurisdiction over this action. However, this court requires the plaintiff to provide notice to both the Town of Winchester and its electors in order to comply with Practice Book § 390(d).[1]
Accordingly, the defendant's motion to dismiss the plaintiff's first amended complaint is denied.
HON. WALTER M. PICKETT, JR.State Judge Referee