[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS #115)
The plaintiffs, Renee L. Kuster and Antonino Moreira, own property in Colchester that abuts property owned by David and Denise Mathieu. Both parcels are considered "flag lots" under the Colchester zoning regulations. On May 29, 1997, the Mathieus applied to the defendant Colchester Zoning Board of Appeals (Board) for a variance from Section 13.21.7 of the Colchester zoning regulations to construct a private driveway to access their property. Although originally denied, the Board granted the variance on July 15, 1997, subject to the condition that the land not be subdivided unless a town accepted road was built in place of the private driveway. The Mathieus appealed the condition and the plaintiffs appealed the Board's granting of the variance.
The Board thereafter discovered that the Mathieus did not need a variance in order to build a private driveway since the plaintiffs' flag lot, which abuts the Mathieus' flag lot, does not have a driveway. Section 13.21.7 of the Colchester zoning regulations provides, "[n]o private drive serving a flag lot shall be closer than 300 feet to another private drive serving a flag lot on the same side of the street."[1] (Emphasis added.) Accordingly, the Mathieus withdrew their appeal of the condition placed on the Board's grant of the variance, did not file the variance approval, withdrew the variance application, and sought and obtained the necessary zoning permit to construct their private driveway.[2] The plaintiffs have not, however, withdrawn their appeal of the Board's July 15, 1997 decision granting the variance.
On April 27, 1998, the defendant Board filed a motion to dismiss the plaintiffs' appeal and also filed a memorandum. The plaintiffs filed an objection and a memorandum on June 4, 1998. On June 17, 1998, the defendant Board filed a reply memorandum.
The defendant first moves to dismiss on the ground that this CT Page 10511 court lacks subject matter jurisdiction because, since the variance has not and will not become effective as the Mathieus' proposed driveway is a permitted use, the plaintiffs' appeal of the variance is moot. The defendant also moves to dismiss on the ground that the plaintiffs lacks aggrievement. The plaintiff argues that the defendant incorrectly interprets section 13.21.7 of Colchester's zoning regulations.[3]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[C]ases that have become moot are ordinarily nonjusticiable. . . ." Dawson v. Farr, 227 Conn. 780, 782,632 A.2d 41 (1993). "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.) Conetta v. City of Stamford, 246 Conn. 281, 295, ___ A.2d ___ (1998).
In the present case, although the Board granted the Mathieus a variance to construct their driveway, it subsequently discovered that the proposed driveway was not a nonconforming use and, therefore, a variance was never necessary. Accordingly, the plaintiff's appeal from the Board's grant of the variance is moot as this court cannot grant the plaintiff any practical relief.
Accordingly, the defendant's motion to dismiss is granted.[4]
Martin, J.