[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#126)
Before the court is the defendants' motion to strike and memorandum in support thereof, filed on July 19, 2001, and the plaintiff's memorandum in opposition, filed on August 1, 2001. The defendants seek to strike the plaintiff's five special defenses raised against the defendants' counterclaim. The plaintiff herein is Fabian R. Soderstrom, Jr., and the defendants are Marjorie E. Appleby and Jack G. Shiller.[1]
The following facts are alleged in the complaint. The defendant Marjorie E. Appleby is the owner of the premises located at 156 North Seir Hill Road, Norwalk, Connecticut. Appleby acquired the premises by warranty deed from Anne Moore.[2] The warranty deed is recorded in the Norwalk land records at volume 505, page 487, and contains the following restrictive covenant:
 "Said premises are conveyed subject to taxes to the City of Norwalk and Town of Wilton hereafter due and CT Page 13868 payable which the grantees assume and agree to pay, the following restrictive covenants which shall run with the land and be binding upon the grantees, and the survivor of them and such survivor's heirs and assigns: Said premises shall not be subdivided into plots of less than two (2) acres, and only one dwelling with appurtenant outbuildings shall be constructed on any one plot; said premises shall be used for residential purposes only, and zoning and planning rules and regulations of the City of Norwalk and Town of Wilton. "
Appleby applied to the Norwalk planning commission for permission to subdivide the premises into four lots, three of which are approximately one acre and the fourth is approximately 1.85 acres. To give effect to the subdivision, Appleby filed Map No. 11919, a subdivision map, in the Norwalk land records. On June 8, 1999, the plaintiff's counsel, by letter, advised Appleby's counsel of the restrictive covenant contained in the warranty deed and requested that Appleby refrain from subdividing the premises in violation of the restrictive covenant. On August 12, 1999, Appleby conveyed lots 1 and 2 to Shiller. The warranty deed from Appleby to Shiller contains the same restrictive covenant as that contained in the warranty deed from Moore to Appleby. The plaintiff claims that Appleby has subdivided the premises in violation of the restrictive covenant and seeks an injunction to prevent Appleby from further violating the restrictive covenant.
On August 14, 2000, the defendants filed an answer, with a special defense and counterclaim. The special defense alleges that the restrictive covenant in the warranty deed is null because of changes in the circumstances regarding the use of the land, and because of the subsequent subdivisions of Anne Moore's original retained land By counterclaim, the defendants seek "an equitable order nullifying the restrictive covenant because of the changed circumstances and abandonment of the original restriction resulting from the subdivision of the Moore Parcel into Grey Hollow Road and Grey Hollow Estates." On December 13, 2000, the plaintiff filed a reply to the defendant's special defense, and five special defenses in response to the defendant's counterclaim. The plaintiff's five special defenses are (1) nonjoinder of parties; (2) failure to state a claim for equitable relief; (3) latches; (4) unclean hands; and (5) failure to do equity. On July 19. 2001, the defendants filed a motion to strike the plaintiff's five special defenses.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that CT Page 13869 the plaintiff has no cause of action." Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999). Practice Book § 10-39
provides, in pertinent part, "[w]henever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "In . . . ruling on [a] motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses In the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997).
First Special Defense
The relief sought by the defendants in their counterclaim is for the "court to enter an equitable order nullifying the restrictive covenant because of the changed circumstances and abandonment of the original restriction resulting from the subdivision of the Moore parcel into Grey Hollow Road and Grey Hollow Estates." In his first special defense, the plaintiff contends that in their counterclaim, the defendants are seeking a declaratory judgment, not equitable relief because they want a ruling that the covenant is not enforceable rather than a ruling that prevents the enforcement of the covenant. The plaintiff argues that in order to obtain such relief, the defendants were required to comply with Practice Book §§ 17-55(4) and 17-56 (b), and join all parties that have an interest in or that would be affected by the court's ruling.[3] Thus, the plaintiff contends that the defendants' failure to join all interested parties deprives the court of jurisdiction to hear the matter. The defendants argue that if they are seeking a declaratory judgment, the first special defense is legally insufficient because it fails to comply with Practice Book § 10-39. The special defense also fails to comply with Practice Book § 17-56(c), which provides that the exclusive remedy for failure to join or give notice to interested parties is by a motion to strike. The defendants argue that the plaintiff should have filed a motion to strike the counterclaim instead of filing a special defense thereto. Accordingly, the defendants assert that the motion to strike the "first special defense should be granted.
The court first addresses the issue of what type of relief the defendants seek in their counterclaim. A search of Connecticut case law reveals that in cases dealing with the validity, enforcement and/or violation of restrictive covenants in deeds, the types of relief that can CT Page 13870 be granted are injunctive relief, declaratory judgments, monetary damages and recission. See, e.g. Lopinto v. Haines, 185 Conn. 527, 441 A.2d 151
(1981); Hartford Electric Light Co. v. Levitz, 173 Conn. 15, 376 A.2d 381
(1977); Weeks v. Kramer, 45 Conn. App. 319, 696 A.2d 391, cert. granted,243 Conn. 917, 701 A.2d 339 (1997), appeal dismissed, 244 Conn. 203,707 A.2d 30 (1998); Shippan Point Assn., Inc. v. McManus,34 Conn. App. 209, 640 A.2d 1014, cert. denied, 229 Conn. 923,642 A.2d 1215 (1994); DeTullio v. Chebrah Bikur Cholim, Inc., Superior Court. judicial district of Fairfield at Bridgeport, Docket No. 334892 (April 7, 1999, Skolnick, J.) (24 Conn. L. Rptr. 338); Dumbrowski v.Voll, Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 094455 (November 16, 1990, Nigro, J.); Benham v.Rude, Superior Court, judicial district of New Haven [at New Haven,] Docket No. 280846 (July 19, 1990, Hodgson, J.); Reich v. Thoennes,19 Conn. Sup. 1, 109 A.2d 579 (1960). The court finds that the language contained in the counterclaim's prayer for relief doe not request injunctive relief, monetary damages or recission.
Practice Book § 17-54 provides that "[t]he judicial authority will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (1) of any right, power, privilege or immunity; or (2) of any fact upon which the existence or nonexistence of such fight, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future." In their counterclaim, the defendants provide the court with the history of the acquisition of parcels owned by Anne Moore and how the restrictive covenant has been enforced in relation to these parcels. By doing this, the defendants attempt to demonstrate that the purpose and effect of the restrictive covenant has been frustrated, thus necessitating an order by the court declaring the covenant null and unenforceable. Although the defendants do not categorize their prayer for relief as or admit that they are seeking a declaratory judgment, the court finds that the type of relief sought by the defendants falls within the scope of § 17-54. Accordingly, for the purposes of the motion to strike, the court will treat the defendants' counterclaim as one for declaratory judgment.
In order to obtain declaratory relief, the defendants must comply with Practice Book §§ 17-55 and 17-56. In particular, Practice Book §17-56(b) provides that "[a]ll persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof. . . . The party seeking the declaratory judgment shall append to its complaint or counterclaim a certificate stating that all such interested persons have been joined as parties to CT Page 13871 the action or have been given reasonable notice thereof. If notice was given, the certificate shall list the names, if known, of all such persons, the nature of their interest and the manner of notice." In addition, Practice Book § 17-56(c) provides that "[e]xcept as provided in Sections 10-39 and 10-44, no declaratory judgment action shall be defeated by the nonjoinder of parties or the failure to give notice to interested persons. The exclusive remedy . . . is by motion to strike as provided in Sections 10-39 and 10-44." Here, the file is devoid of evidence that the defendants joined or provided notice to other interested parties. However, the court notes that failure to comply with the notice requirements of § 17-56 is not fatal and not a jurisdictional defect. Dawson v. Farr, 227 Conn. 780, 783, 632 A.2d 41
(1993); Serrani v. Board of Ethics, 225 Conn. 305, 309, 622 A.2d 1009
(1993); see also Commentary to Practice Book §§ 17-55 and 17-56.[4]
The plaintiff, however, has improperly raised the issue of nonjoinder of interested parties through a special defense, instead of filing a motion to strike the counterclaim pursuant to Practice Book § 10-39(3), thus violating § 17-56 (c). Accordingly, the court grants the defendants' motion to strike the plaintiffs first special defense.
Second Special Defense
In his second special defense, the plaintiff realleges the first five paragraphs of his first special defense and contends that the defendants have failed to state a claim for equitable relief. The plaintiff maintains that this special defense is legally sufficient because he repleads facts contained in the first special defense and explains how the defendants have failed to state a claim for equitable relief. The defendants argue, however, that the plaintiff's second special defense is conclusory and fails to comply with Practice Book §§ 10-50 and 10-51. In addition, because the second special defense relies on the first special defense, it is also legally insufficient for failure to comply with Practice Book §§ 10-39 and 17-56. The court finds that the second special defense is legally insufficient because it is conclusory and relies on the allegations of the first special defense which has been stricken. In addition, the court finds that the plaintiff does not allege facts in the second special defense sufficient to demonstrate how the defendants have failed to state a claim for equitable relief.[5]
Accordingly, the court grants the defendants' motion to strike the plaintiff's second special defense.
Third Special Defense.
In his third special defense, the plaintiff contends that "[t]he defendants' claim for equitable relief is barred by the doctrine of laches." The defendant contends that this special defense is legally CT Page 13872 insufficient because it is conclusory and not supported by any facts, and thus, violates Practice Book §§ 10-50 and 10-51. The plaintiff asserts that the defendants have been fully apprised of the facts in support of this special defense because these facts have been alleged in paragraphs one to nine of the complaint. "Laches consists of an unexcusable delay which prejudices [another party.]" Farmers Mechanics Savings Bank v.Sullivan, 216 Conn. 341, 350, 579 A.2d 1054 (1990). "The Connecticut courts have held that a special defense of laches must be stricken if it fails to plead facts sufficient to support the legal conclusion that the claim is barred by laches. Shawmut, N. A. v. Concord Steel Corp. ofConnecticut, Superior Court, judicial district of Middlesex [at Middletown], Docket No. 67176 (June 2, 1993 [Walsh, J.]); Hydro-KemServices v. United Illuminating Co., Superior Court, judicial district of New Haven [at New Haven], Docket No. [324789] (October 30, 1992 [Celotto, J.]); D'Addario v. Bergman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. [266582] (January 17, 1992 [Spear, J.]). In Shawmut, the court, [Walsh, J.] struck the defendant's special defense of laches for failure to plead sufficient facts to show that the defendant was indeed prejudiced by the plaintiff's delay in bringing the action. Id. Similarly, in [Hydro-Kem Services,] the court,Celotto, J., granted the plaintiff's motion to strike the defendant's special defense when it held that the laches defense contained no more than conclusions and was demurrable. . . . . (Citation omitted.) Todd M.v. Richard L., 44 Conn. Sup. 527, 541-42, 696 A.2d 1063 (1995). Here, the plaintiff's contention that the defendants' claim is barred by the doctrine of laches is bare and unsupported by facts. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical SystemsInc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Accordingly, the court grants the motion to strike the third special defense.
Fourth Fifth Special Defenses
In his fourth special defense, the plaintiff contends that "[t]he defendants have come into court with unclean hands and should be denied equitable relief." In his fifth special defense, the plaintiff contends that "[t]he defendants should be denied equitable relief because the defendants have failed to do equity." The defendant contends that these special defenses are legally insufficient because they are conclusory and not supported by any facts, and thus violate Practice Book §§ 10-50
and 10-51. In addition, the defendant argues that the fifth special defense duplicates the fourth special defense because the doctrine of unclean hands is the same as failure to do equity. The plaintiff asserts that the defendants have been fully apprised of the facts in support of the fourth and fifth special defenses because these facts have been CT Page 13873 alleged in paragraphs one to nine of the complaint. "The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the j)articular controversy in issue. . . . Unless the plaintiff's conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." (Citation omitted.) Bauer v. WasteManagement of Connecticut, 239 Conn. 515, 525, 686 A.2d 481 (1996). Here, the plaintiff's assertions that the defendants have unclean hands or have failed to do equity are bare and unsupported by facts that show how the defendants have not been fair, equitable and honest. The court also finds that the fifth special defense duplicates the unclean hands defense. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215. Accordingly, the court grants the motion to strike the fourth and fifth special defenses.
In conclusion, the court strikes the plaintiff's five special defenses to the defendants' counterclaim.
So Ordered HICKEY, J.